UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____
FATEEN SHEARD                    )
                                 )         Case Number
          Plaintiff              )
                                 )
     vs.                         )         CIVIL COMPLAINT
                                 )
NATIONAL ENTERPRISE              )
SYSTEMS, INC.                    )         JURY TRIAL DEMANDED
                                 )
                                 )
          Defendant              )
_____)

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Fateen Sheard, by and through his undersigned counsel, Brent F. Vullings, Esquire, of Vullings Law Group, LLC, complaining of Defendant, and respectfully avers as follows:

### I.  INTRODUCTORY STATEMENT

1. Plaintiff, Fateen Sheard, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices as well as violations of the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.4 ("PFCEUA) and the Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1-201-9.3 ("UTPCPL")  which prohibits debt collectors and original creditors from engaging in abusive, deceptive and unfair practices.

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Plaintiff resides in this District.

## III. PARTIES

4. Plaintiff, Fateen Sheard, (hereafter, Plaintiff) is an adult natural person residing at 2443 North 16th Street, Philadelphia, PA 19132. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, National Enterprise Systems, Inc. (NES) (hereafter, Defendant), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the State of Ohio and the Commonwealth of Pennsylvania with an office located at 29125 Solon Road, Solon, Ohio 44139.

6. Defendant, NES is engaged in the collection of debts from consumers using the telephone and mail. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. FACTUAL ALLEGATIONS

7. Within the last six (6) months, the Plaintiff has been receiving calls from the Defendant looking for payment on a debt allegedly owed on a past due school loan.

8. Plaintiff was not informed of how much is allegedly due.

9. Defendant has placed calls to both the Plaintiff's personal cell phone and to his place of employment numerous times.

10. Plaintiff informed the Defendant during their initial call that he was a pharmacist and he could not receive calls during the work day.

11. A male agent of the Defendant disregarded the Plaintiff's request stating that he could call the Plaintiff as much and wherever he wanted until the Plaintiff agreed to make payment arrangements.

12. On a call in late April, 2013, the Plaintiff was again informing Defendant's agent that he could not receive calls to work, when another male agent began to speak on the call demanding to know what the Plaintiff was up to and why he had not paid off his debt yet.

13. Defendant continues to receive calls to his place of employment insisting on his checking account information so that payment can be made.

14. Defendant is said to give attitude to whomever answers the phone demanding to speak with the Plaintiff.

15. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

16. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, the Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

17.     At all times pertinent hereto, the Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

18.     At all times pertinent hereto, the conduct of the Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

## COUNT I – FDCPA

19.     The above paragraphs are hereby incorporated herein by reference.

20.     At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

21.     The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§ 1692c(a)(3): | At place of employment when knows that the employer prohibits such communication |
| §§ 1692c(a)(1): | At any unusual time or place, or unusual time or place known to be inconvenient |
| §§ 1692c(b): | With anyone except consumer or consumer's attorney or credit bureau concerning the debt |
| §§ 1692d: | Any conduct the natural consequence of which is to harass, oppress, or abuse any person |
| §§ 1692d(5): | Caused the phone to ring or engaged any person in telephone conversations repeatedly. |

| | |
|---|---|
| §§ 1692e: | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692f: | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |
| §§ 1692f(5): | Caused any charges to be made to the consumer, e.g. calls to personal cell phone |
| §§ 1692g(a)(1): | Must state the amount of debt |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, National Enterprise Systems (NES), for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d. Such additional and further relief as may be appropriate or that the interests of justice require.

d. Such additional and further relief as may be appropriate or that the interests of justice require.

## COUNT II

## VIOLATIONS OF PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT- (FCEUA, 73 Pa. C.S. § 2270.1 et seq.)

22. Plaintiff repeats, re-alleges and incorporates by reference the foregoing paragraphs.

23. The collection of a debt in Pennsylvania is proscribed by the Fair Credit Extension Uniformity Act at 73 Pa. C.S. § 2270.1 et seq., ("FCEUA") and the Pennsylvania Unfair Trade Practices and Consumer Protection Law 73 Pa. C.S 201-1 et seq. ("UTPCPL").  Defendants is a debt collector pursuant to 73 Pa. C.S. § 2270.3.

24. The alleged debt Defendants were attempting to collect is a debt as defined by 73 Pa. C.S. § 2270.3.

25. The FCEUA proscribes, inter alia, engaging in any false, misleading or deceptive representations when attempting to collect a consumer debt.

26. The actions of Defendant, as aforesaid, constitute false, misleading or deceptive representations.

27. Violations of the FDCPA is a per se violation of the FCEUA and the UTPCPL.

28. As a direct and proximate result of the said actions, Plaintiff has suffered financial harm.

29. By virtue of the violations of the law as aforesaid, and pursuant to the FCEUA and UTPCPL, Plaintiff is entitled to an award of actual damages, treble damages, attorney's fee and costs of suit.

**WHEREFORE**, Plaintiff prays this Honorable Court enter judgment in their favor and against Defendants, and Order the following relief:

a. Actual damages;

b. Treble damages;

  c. An award of reasonable attorneys fees and expenses and costs of court; and

  d. Such additional relief as is deemed just and proper, or that the interests of justice require.

## COUNT III
## VIOLATIONS OF PENNSYLVANIA CONSUMER PROTECTION LAW ("UTPCPL"), 73 Pa. C.S. § 201-1 et seq.

30. The foregoing paragraphs are incorporated herein by reference.

31. Plaintiff and Defendant are "Persons" to 73 Pa. C.S § 201-2.

32. The UTPCPL proscribes, inter alia, engaging in any "unfair or deceptive acts or practices", either at, and prior to or subsequent to a consumer transaction.

33. The actions of the Defendant, as aforesaid, constitute unfair acts or practices under the UTPCPL, by way of the following, inter alia:

  a. Defendant engaged in deceptive or fraudulent conduct which created a likelihood of confusion or of misunderstanding, 73 Pa. C.S. § 201-2(xxi);

  b. Defendant failed to comply with the FDCPA and FCEUA which are per se violations of the UTPCPL.

34. As a direct and proximate result of the said actions, Plaintiff has suffered financial damages and other harm.

35. By virtue of the violations of law aforesaid and pursuant to the UTPCPL, Plaintiff is entitled to an award of actual damages, treble damages, attorney's fees and costs of suit.

**WHEREFORE** Plaintiff prays this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

a. An Order declaring that Defendants violated the UTPCPL;

b. Actual damages;

c. Treble damages;

d. An award of reasonable attorney's fees and expenses and cost of suit; and

e. Such additional relief as is deemed just and proper, or that the interest of justice may require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**VULLINGS LAW GROUP, LLC**

**Date: June 21, 2013**

**BY:** */s/  Brent F. Vullings bfv8435*
Brent F. Vullings, Esquire
VULLINGS LAW GROUP, LLC
3953 Ridge Pike
Suite 102
Collegeville, PA 19426
P: 610-489-6060
F: 610-489-1997
Attorney for Plaintiff